## ISADORE WHITE v. STATE.

No. A-3909.     Opinion Filed April 14, 1923.
(214 Pac. 202.)

(Syllabus.)

1. Former Jeopardy—Waiver of Plea by Accused Pleading Over
to Amended Information Without Objection to Discharge of
Jury. When the county attorney, after the commencement of
the trial, asked leave to amend the original information, and
the amendment describing the property was made by leave of
court, and the defendant asked and was given leave to plead over
to the amended information, and a continuance was granted for
that purpose, and no objection was interposed to the discharge
of the jury, the accused, under such circumstances, waived
his right, if any he had, to claim former jeopardy. The discharging
of the jury to enable the defendant to plead over and prepare to
meet the amendment made did not operate as an acquittal.

2. Same—Constitutional Law—Announcing Ready for Trial as
Waiver of Withheld Constitutional Privilege. If an accused an-
nounces ready for trial, with full knowledge that he has not
been accorded some constitutional privilege, in this case the
privilege of claiming former jeopardy, the right to claim it will
be deemed waived. He cannot later shift his position and re-
claim the right.

3. Same—Constitutional Privilege Waived by Consent or Failure
to Seasonably Assert. Where a constitutional right is for the
sole benefit of the accused, in the nature of a privilege, that
right may be waived by express consent; or by implication, from
conduct indicative of consent; or by failure to claim or assert the
right in seasonable time.

4. Indictment and Information—Amendment of Information to
Describe Stolen Property After Qualification of Jury. Where the
information states the date, the place, and the names of the
persons from whom the stolen property was received, and by
whom received, but fails to describe the property, the informa-
tion is not void in the sense that it may not be amended to
specifically describe the property; and such an amendment may
be made, with proper safeguards, after the jury have been
qualified.

5. Same—Amendment not Giving Accused Right to Demand An-
other Preliminary Hearing. The fact that the original informa-
tion was adjudged insufficient for want of descriptive averments,
and that the defendant was subsequently confronted with a new
or amended information, does not of itself give him the right
to demand another preliminary hearing. The same offense
was described in both informations. The preliminary examina-

tion was sufficient to support the information on which he was tried and convicted.

6. **Receiving Stolen Goods—Averments Necessary to Charge Larceny not Essential in Information; not Necessary· to State Ownership in Information Charging Felonious Receiving of Stolen Property.** Averments necessary to charge larceny are not essential in an information charging the felonious receiving of stolen property, based on section 2113, Comp. St. 1921. In such an information it is not necessary to state the ownership of the property.

7. **Claim of Insufficiency of Amended Information Held Untenable.** The claim made that the amended information did not conclude with the words "against the peace and dignity of the state of Oklahoma," examined, and held untenable.

8. **Criminal Law—Those Stealing Property not Accomplices of One Knowingly Receiving It.** The mere fact that two of the state's witnesses stole the property and the defendant received it, knowing it to be stolen, would not make the witnesses accomplices of the defendant. The stealing of property and the receiving of stolen property are two separate offenses, and the perpetrator of one offense is not necessarily an accomplice of the perpetrator of the other.

9. **Receiving Stolen Goods—Evidence Held Sufficient to Support Conviction.** The jury, under the evidence and the instructions of the court, were called upon to decide whether two of the state's witnesses were accomplices of the accused, and, if accomplices, whether their testimony was sufficiently corroborated. Held, that in either event the evidence was sufficient.

Appeal from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Isadore White was convicted of receiving stolen property, and he appeals. Affirmed.

G. A. Paul, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Isadore White, plaintiff in error, here referred to as the defendant, was in the district court of Oklahoma county, on July 10, 1920, convicted of the crime of fraudulently receiving stolen property. His punishment was

by a verdict of the jury fixed at confinement in the county jail for a period of six months and to pay a fine of $250. From the judgment on this verdict he appeals.

There were a number of unusual proceedings connected with the trial of this case, portions of which were had before three different judges. In the preliminary information the defendant was charged with knowingly and fraudulently receiving stolen property, without in any way describing the property received or stolen. A preliminary trial was had before an examining magistrate and the defendant held for further proceedings in the district court. In due course a like information, containing no description of the property whatever, was filed in the district court, the sufficiency of which was challenged by a demurrer stating: (1) That the information did not conform to the requirements of the Code or Criminal Procedure; (2) that the information did not state facts constituting a public offense; and (3) that more than one offense was attempted to be stated in the information. The demurrer was by the court overruled and an exception allowed the defendant.

The cause first came on for trial in district court on the original information on April 15, 1920. A jury was called and qualified and a witness called, sworn, and took the witness stand to give his testimony for the state (Record, p. 24). The defendant then objected to the introduction of testimony for reasons not affirmatively appearing of record, but presumably for the same reasons urged in the demurrer, i. e. because no property whatever was described in the original information. The court sustained this objection. The county attorney then asked and was given leave to amend the information. Accordingly, the information was amended by incorporating in it a detailed description of the property alleged to have

been stolen and feloniously received. The defendant then asked and was given 24 hours in which to plead to the amended information. The jury theretofore impaneled was without any objection discharged from further consideration of the cause. On April 19th the defendant filed a plea in bar, claiming former jeopardy in the proceedings had on the original information, which motion or plea was by the court overruled and the cause reset for trial on May 26, 1920. On May 28th a trial was had on the issues raised by the amended information, resulting in a disagreement of the jury on May 31st. Subsequently, the cause was again called for trial on July 8, 1920. On this day a third jury was impaneled and qualified. A witness was called and sworn on behalf of the state. After the county attorney had propounded a question to the witness, the defendant objected to the introduction of any evidence for the following reasons:

First. That the amended information does not state facts sufficient to constitute a public offense or to charge the offense of knowingly receiving and buying stolen property or knowingly receiving or buying stolen property.

Second. That this court is without jurisdiction to try and determine the issues in this case for the reason that there is no legal and valid information pending against this defendant.

Third. Because the said amended information is invalid and illegal in that it was an amendment permitted by the court to an information that was invalid and defective, and was so permitted over the objection and exception of the defendant.

Fourth. For the reason that said defendant desires to offer proof in support of the allegations of this objection

as to the defective and invalid and void amended information herein.

Fifth. As a part of this objection the defendant offers his plea and motion filed on April 19, 1920, claiming former jeopardy.

Is an information charging the receiving of stolen property, in which no description whatever appears of the property said to have been stolen and received, defective to such an extent that it would not support a conviction after trial? Where the information states the date, the place, and the persons from whom the stolen property was received, but fails to describe the property, the information is not void in the sense that it may not be amended in such a way as to specifically describe the property. Enough has been stated to apprise the accused of the nature and character of the offense charged, and of the time and circumstances of its commission, and in that sense it may be regarded as voidable and not absolutely void. Section 2512, Comp. Stat. 1921, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

When the county attorney asked leave to amend the original information and amendment describing the property was made by leave of court, and the defendant asked and was given time to plead to the amended information, and interposed no objection to the discharge of the jury, under such circumstances the accused waived his right, if any he had, to claim former jeopardy. Allen v. State, 13 Okla. Cr. 533, 165 Pac. 745, L. R. A. 1917E, 1085; Bohannan v. State,

11 Okla. Cr. 69, 142 Pac. 1092; Loyd v. State, 6 Okla. Cr. 76, 116 Pac. 959; 1 Bishop, New Crim. Law. § 998.

In the original information a crime was charged, though imperfectly stated. The defect of failing to describe the property, under our liberal practice, could and should be cured by an amendment. That was done in this case. The accused knew the import of the accusation, the time and manner of the commission of the crime charged. The defect was one of form rather than of vital substance. That being true, we think the accused was placed in jeopardy on the original information so soon as the jury was qualified and the trial commenced by the introduction of evidence. We think, too, he continued to be in jeopardy through all the subsequent proceedings, terminating in the verdict of guilty. The discharging of the jury to enable the defendant to plead over and prepare to meet the amendment made did not operate as an acquittal. In the Bohannan Case, supra, the court said:

"The plain provisions of the law should be respected, and when the court found that the information was insufficient, the jury should have been discharged, and the cause passed for trial to such time as the statute could be complied with. There is ample authority for the position that the filing of a new information makes a new case, and that the accused is entitled to the statutory time in which to plead."

In the case at bar the trial court followed the practice outlined in the Bohannan Case, by continuing the case so as to permit the accused to have the statutory time in which to plead the amended information. The jury was discharged without objections or protest on the part of the accused. It is fair to assume that this was done with the implied consent of the accused, amounting to a waiver of his right to an immediate trial by the jury first impaneled. The proceedings later on were resumed before another jury, resulting in a mis-

trial because the jury could not agree. This jury was also discharged and a third·jury qualified, whereupon the defendant announced ready for trial, without a special plea in bar claiming former jeopardy, as was done at the mistrial. This amounted to a ' second waiver of accused's· rights to claim former jeopardy. True, on this ground he objected to the introduction of testimony; but the objection came too late. To all intents and purposes the proceedings before this third jury were a new original trial. If an accused announces ready for trial with full knowledge that he has not been accorded some constitutional privilege, the right to claim it will be deemed to have been waived. He cannot later on shift his position and reclaim this right. State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091.

In the Allen Case, supra, the court cites with approval a statement made in 1 Bishop's New Criminal Law, § 998, to this effect:

"It is well established that after the jury has been impaneled and sworn in a criminal case any discharge thereof without sufficient cause operates as an acquittal, in that it effectually bars another trial for the same offense. But to have this operation and effect such discharge must have been made without the consent, express or implied, of the defendant."

Where a constitutional right is for the sole benefit of the accused, in the nature of a privilege, that right may be waived by express consent, or by implication from conduct indicative of consent, or by a failure to claim or assert the right in seasonable time. State v. Frisbee, supra.

Applying this test, defendant's right to claim former jeopardy, if indeed he ever had such a right, was waived. Holding, as we do, that under the circumstances here the original information was susceptible of amendment after the

trial had commenced, the defendant was in jeopardy but once and a plea of former jeopardy was properly refused.

The fact that the original information was adjudged insufficient for want of descriptive averments and that the defendant was subsequently confronted with a new or amended information does not of itself give him the right to demand another preliminary hearing. The same offense was described in both informations. The preliminary examination was sufficient to support the information on which he was finally tried and convicted. Little v. State, 21 Okla. Cr. 1, 204 Pac. 305; Williams v. State, 6 Okla. Cr. 373, 118 Pac. 1006.

It is claimed by the accused, though denied by the state, that the amended information does not conclude with the clause, "against the peace and dignity of the state of Oklahoma," as provided by our Constitution, art 7, § 19. This controversy arose in this wise: The amendment was made by attaching and pasting on an ordinary blank information, just beneath the introductory printed portion of the blank, the charging and descriptive parts in typewritten form, in such manner that the typewritten paper so pasted and attached to the blank extended down and over the concluding printed clause, "against the peace and dignity of the state of Oklahoma." Whether the adhesive mucilage extended farther down than intended or whether the adhesion occurred afterwards, so as to obliterate this concluding printed clause, must be determined from all the surrounding circumstances. The original information contained this concluding clause: At pages 25 and 26 of the case-made the amended information as there shown does not contain these concluding words; defendant's plea in bar, as it appears in the case-made, contains what purports to be a copy of the amended information wherein this concluding clause does appear. We assume that the county attorney had no intention of obliterating this conclud-

ing clause, if indeed it was obliterated. The adhesion of the lower part of this typewritten insert, obliterating or covering the concluding clause, may have taken place after the information was filed. It has often been held that there is a presumption that a public officer did his duty and that statutory and constitutional modes of procedure have been followed. Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505; Anderson v. State, 8 Okla. Cr. 90, 126 Pac. 840, Ann. Cas. 1914C, 314.

Whether the omission of the words ''against the peace and dignity of the state'' is fatal to an information is not necessarily involved in this case. An interesting discussion of this question, pro and con, may be found in the case of Chemgas v. Tynaan, 51 Colo. 35, 116 Pac. 1045.

It is claimed that the amended information is further insufficient because it did not contain all the essential averments necessary to charge larceny. It has been held that averments necessary to charge larceny are not essential in an information charging the felonious receiving of stolen property, based on section 2113, Comp. Stat. 1921. In such an information it is not necessary to state the ownership of the property. Hartgraves v. State, 5 Okla. Cr. 266, 114 Pac. 346, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180; McGill v. State, 6 Okla. Cr. 512, 120 Pac. 297; Webb v. State, 19 Okla. Cr. 450, 200 Pac. 719; 17 R. C. L. 87; State v. Sakowski, 191 Mo. 635, 90 S. W. 435, 4 Ann. Cas. 751

The defendant claims that the verdict is not supported by sufficient evidence. This conviction rests largely upon the testimony of two self-confessed thieves, the persons who claimed they stole the property and sold and delivered it to the defendant, which they claimed they did pursuant to a previous agreement with the defendant. If this was done pursuant

to an agreement, these two witnesses were accomplices whose testimony should be corroborated. If there was no such previous understanding, the mere fact that these two witnesses stole the property and the defendant received it, knowing it to be stolen, would not make the witnesses accomplices of the defendant. The stealing of property and the receiving of stolen property are two separate offenses, and the perpetrators of one offense are not necessarily accomplices of the perpetrator of the other. 1 R. C. L. 162, and cases cited.

There was evidence indicating that before the defendant was arrested or charged with this offense he voluntarily paid the attorney's fee in the case then pending against one of these witnesses charged with the larceny of those identical goods. Further, statements made by the defendant before his arrest to an officer at defendant's store, where the officer had gone for the purpose of investigating the larceny and disposition of the goods stolen, in a measure corroborated these two state's witnesses.

If a corroboration was necessary, the facts constituting the corroboration were facts for the jury, as pointed out in the court's instructions. The jury were called upon to decide, under the instructions given: (1) Whether any corroboration was necessary; and (2) if necessary, whether the corroboration was sufficient. Upon these issues this court will not disturb the findings of the jury.

We think the judgment below should be affirmed and it is so ordered.

MATSON, P. J. and DOYLE, J., concur.