## W. R. MAUPIN v. STATE.

No. A-6005. Opinion Filed Oct. 22, 1927.
(260 Pac. 92.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of having illegal possession of intoxicating liquor, and sentenced to serve six months in the county jail and pay a fine of $500.

The record discloses that a search warrant was procured and certain officers went to the residence occupied by defendant and his wife and made a search and discovered 3½ pints of whisky and 18 pints of Choctaw beer. The beer was found in the back yard and the

whisky on or about the back porch. The officers went to the residence while defendant was away and his wife met them at the door. They advised her they were officers and wanted to search the premises, and she said: "Go ahead." Before going into trial defendant filed a motion to suppress the evidence as obtained by an unlawful search. The place searched was the private residence of defendant, occupied as such. Section 7013, Comp. Stat. 1921, reads:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

This statute is plain. No effort was made to comply with its requirements. The affidavit for search warrant contains none of the exceptions named in the statute. Where a search of a residence is made under authority of a search warrant based upon an affidavit which does not conform to the requirements of this section of the statute, the search is unlawful and evidence obtained thereby inadmissible. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629. This court cannot ignore and override the law thus clearly expressed. The statement of the wife to the officers made in the absence of her husband is not a waiver of his constitutional rights. The motion to suppress should have been sustained.

Other errors are argued, but this is decisive of the case.

The case is reversed and remanded.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.