## D. W. HAYS v. STATE.

No. A-6336.   Opinion Filed Nov. 26, 1927.
(261 Pac. 232.)

Crump & Seawel, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was charged by information in the district court of Muskogee county with the crime of receiving stolen property, and upon his trial the jury returned a verdict finding him guilty as charged, leaving his punishment to be fixed by the court. Motion for new trial was duly filed and over-ruled, whereupon the court pronounced judgment, and sentenced him to imprisonment in the penitentiary for a term of four years. From that judgment he appeals.

In response to plaintiff in error's brief, the Attorney General has filed the following confession of error:

"In order to connect the plaintiff in error with the receiving of the particular goods alleged to have been previously stolen from the Bonicelli Wholesale Grocery Company, the state introduced evidence obtained from a search of the plaintiff in error's grocery store located on South Fourteenth street in the city of Muskogee.

"The said search was made in the month of November, 1925, by one Tom Graves, a policeman of the city of Muskogee, assisted by R. A. Payne, a deputy sheriff of Muskogee county. These officers had no warrant for the search of the premises, nor any warrant for the arrest of the plaintiff in error, nor any process of any kind.

"At the time of the search the plaintiff in error was absent from his grocery store. The plaintiff in error is a negro, and, when the officers entered his place of business, they found therein two negro women. One of these women was behind the counter waiting

on the other, who was apparently a customer in the place. The officers told the woman in charge that they wanted to look over the place for stolen goods. She replied: 'All right, help yourself,' or words to that effect. The officers then proceeded, in the absence of plaintiff in error, to search the premises. The building in which the grocery store of plaintiff in error was located was divided into two rooms by a partition. In the front room was kept the groceries and meats, etc., and it was in this room that the search was first made. After finding nothing of a suspicious character in the front room, the officers then proceeded to search the rear room, in which was a bed and other furniture, and also some groceries stored under the bed and around the room. In this room the officers found an opening about three and one-half feet square in the beaver board ceiling. This opening was covered by some sort of a trap door, which the officers opened, and through which opening one officer entered a loft above the ceiling. In this loft a large quantity of snuff and other articles of personal property, such as is generally sold in grocery stores in this state, was found and taken into the possession of the officers. It was this stuff that it is alleged by the state was stolen from Bonicelli Wholesale Grocery Company, and it is upon the proof of the possession of this particular quantity of alleged stolen goods by this plaintiff in error that the state relies almost wholly for a conviction in this case. The facts, therefore, present squarely the issue of the admissibility in evidence of this snuff and other stuff obtained by virtue of the search of the grocery store of plaintiff in error, and also of the testimony of the two officers concerning the finding of said stuff in said grocery store.

"The issue was raised first by a motion to suppress this evidence, and subsequently by repeated objections to the introductions of evidence obtained by virtue of this search, and then again at the conclusion of the state's case by a motion to strike and exclude from the consideration of the jury all of the evidence permitted to have been received relative to this alleged unlawful search and seizure.

"The trial court ruled adversely to plaintiff in error in every instance, and proper and timely exceptions were saved by plaintiff in error to these rulings by the trial court.

"It is undisputed that the search of plaintiff in error's premises were made by these officers without a search warrant. This evidence was admitted on the theory that there was a waiver of a search warrant by the action of the person in charge of the grocery store telling the officers, 'all right,' or 'go ahead,' when asked if there was any objection to their making a search of the premises for stolen goods.

"The question presented by the various assignments of error bearing upon the validity of the search of the plaintiff in error's store is this: 'Can the clerk of the accused, in his absence,' waive for him his constitutional privilege against an unlawful and unreasonable search of his premises?'

"That the accused himself may waive this privilege, and by so doing will not be permitted to object to the introduction of evidence otherwise inadmissible, in effect is held by a uniform line of decisions of this court. Hurst v. State, 25 Okla. Cr. 102, 219 P. 151; White v. State, 23 Okla. Cr. 198, 214 P. 202; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Hill v. State, 9 Okla. Cr. 629, 132 P. 950.

"The constitutional right against an unreasonable search or seizure is personal, and extends only to the person whose rights are invaded. Ratzell v. State, 27 Okla. Cr. 340, 228 P. 166; Williams v. State, 35 Okla. Cr. 171, 249 P. 433.

"A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation, and all others are unreasonable and unlawful. Levy v. State, 31 Okla. Cr. 199, 238 P. 235; Best v. State, 32 Okla. Cr. 89, 240 P. 159; McClary v. State, 34 Okla. Cr. 403, 246 P. 891; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Ellis v. State, 34 Okla. Cr. 36, 244 P. 831.

"If the immunity against an unlawful search and

seizure is personal to the one whose private rights are invaded, it follows, by analogy, that the right to waive such immunity is also a personal right, and is chargeable only to the one whose rights are invaded, or to some one who is shown to have specific authority to make a waiver of that right for the person affected, in the absence of the person affected by the search.

"If any one may indiscriminately waive this right for another, it follows that the right is not a personal one. In such event the privilege against unreasonable searches and seizures would not be secure, and the constitutional provision would be nothing more than a 'scrap of paper,' figuratively speaking.

"In this instance we think the clerk could act for the owner in his absence, and bind him as to such matters and things as would usually arise in, and be a part of, the duties of the employment.

"Cyc. lays down the general rule that 'waiver is usually a matter of personal privilege, and must be made by the person whose rights or remedies are to be affected or by some one duly authorized to act for him in the matter.' 40 Cyc. 266.

"The search of the premises for stolen goods is an unusual procedure, and not such as would be expected to arise in the course of the business of keeping a grocery store, and, in the absence of proof that the owner of the store had duly authorized his clerk to waive his privilege of immunity against an unreasonable and unlawful search of his said store, the presumption of such authority to waive the privilege would not arise merely from the fact of such employment.

"In the case of W. R. Maupin v. State, 38 Okla. Cr. 241, 260 P. 92, this court said:

" 'The officers went to the residence while defendant was away and his wife met them at the door. They advised her they were officers and wanted to search the premises, and she said: "Go ahead." Before going into trial defendant filed a motion to suppress the evidence as obtained by an unlawful search. The

place searched was the private residence of defendant, occupied as such. * * *

" 'The statement of the wife to the officers made in the absence of her husband is not a waiver of his constitutional rights. The motion to suppress should have been sustained.'

"In the case of Rose v. State, 36 Okla. Cr. 333, 254 P. 509, this court said:

" 'The record shows that, while the county attorney was making his opening statement, counsel for appellant interposed an objection for the reason that said search, so far as the statement of the county attorney now shows, was illegal and without authority of law, and the same was an invasion of the constitutional and statutory rights of the defendant. Whereupon the county attorney stated that the evidence would show that Mrs. Rose told them to come in, and further stated: "I think I properly predicated the introduction of my evidence by my statement that the officers were invited into his home."

" 'At the close of the state's evidence there was a motion by counsel for appellant for a directed verdict of acquittal on the ground that all the evidence offered in the case was obtained by an illegal invasion of the defendant's constitutional and statutory rights, made in his absence and without his knowledge or consent, which motion was overruled.

" 'In the case of Carignano v. State, 31 Okla. Cr. 228, 238 P. 507, it was held:

" ' "The constitutional right of a person to be secure against unreasonable searches and seizures and self-crimination were not waived when his wife in his absence failed to object to officers making a search of his premises under authority of an illegal search warrant." '

"In Carignano v. State, 31 Okla. Cr. 228, 238 P. 507, this court quoted with approval from the decision of the Supreme Court of the United States, as follows:

" 'The defendant was not present when the place

was searched, and it does not appear that his wife made objection to the search of the premises by the officers.

"'In the case of Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, it was held:

"' "The constitutional rights of a person to be secure against unreasonable searches and seizures and self-crimination were not waived when his wife admitted to his home federal officers, who came without warrant, demanding admission to make search of it under government authority, even assuming that it is possible for a wife, in the absence of her husband, thus to waive his constitutional rights, since, under the implied coercion here presented, no such waiver was intended or effected."'

"If the wife may not, for the husband, in his absence, waive his privilege of immunity against an unreasonable and unlawful search of the home, it follows, a fortiori, that the clerk of a store, in the absence of the owner, may not waive his privilege against an unreasonable and unlawful search of his store.

"In view of the fact that the conviction of plaintiff in error is based, in so far as his connection with the possession of the alleged stolen goods, on evidence secured by the search of his premises, in his absence, without warrant, the Attorney General is impelled to confess error in this case, for otherwise there is no evidence to connect him with the commission of the crime."

Upon an examination of the record and the questions of law involved we are of opinion that the confession of error is well founded. The confession of error is therefore sustained, and the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.