## MRS. TROY STAPP v. STATE.

No. A-6547. Opinion Filed April 20, 1929.
(276 Pac. 697.)

Campbell & Ray, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Washington county of the offense of receiving stolen property, and her punishment fixed by the jury at imprisonment in the county jail for six months and to pay a fine of $250 and costs.

Defendant duly excepted to the giving of instruction No. 5, and in her motion for new trial set out the giving of this instruction as ground for new trial, which motion was overruled and exceptions taken and allowed by the judge.

Defendant in her petition in error, in this court, as the fourth ground thereof alleges:

"That said court erred in giving instruction No. 5, to the giving of which instruction the plaintiff in error excepted."

The instruction complained of is as follows:

"You are instructed that if you find and believe from the evidence beyond a reasonable doubt that the personal property mentioned in the information was stolen by one John Doe, a party unknown to the county attorney, with the intent on the part of the thief to convert the same to his own use, and to deprive the owner, the Conway State Bank of Conway, Kansas, thereof, and if you further find from the evidence beyond a reasonable doubt that the defendant, in Washington county, Oklahoma, on or about the 30th day of October, 1925, or at any time after said property was stolen, if you find it was stolen, and within three years prior to September 6, 1926, the date of filing the information in this case, did unlawfully and fraudulently receive said property, or any part thereof, into her possession, and that at the time she did so she knew it to be stolen property, or that she knew such facts as made her believe that in all probability it was stolen, and that she received it with the intent on her part to deprive the owner thereof, or to benefit herself, or to help the thief, then and in that event you should find the defendant guilty and assess her punishment at imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding $250.00 or by both such fine and imprisonment.

"Should you fail to so find, or should you entertain a reasonable doubt thereof, then you should acquit the defendant."

The learned trial judge evidently had in mind the case of Webb v. State, 19 Okla. Cr. 450, 200 P. 719, in which case an instruction almost identical with instruction No. 5, supra, had been approved, and his attention was not called to the case of Weaver v. State, 30 Okla.

Cr. 309, 235 P. 635, which had expressly held such instruction erroneous.

The opinion in the case of Weaver v. State, supra, written by Judge Edwards, contains a very full discussion of the quantum of proof required to authorize a jury to convict in a case of receiving stolen property. On page 636 of 235 P. (30 Okla. Cr. 313), this court said:

"In instructing upon the elements constituting the offense and the quantum of proof sufficient to establish them, it is erroneous for the trial court to inform the jury that anything less than proof of guilty knowledge will be sufficient."

The part of the instruction complained of in Weaver v. State, supra, is as follows:

" '* * * If after such consideration you find beyond a reasonable doubt that she knew the property in question was stolen at the time she received the same, or that she knew such facts as made her believe that in all probability it was stolen, and she received it under those circumstances, that is sufficient as to her knowledge of it being stolen.

" 'If you find these facts beyond a reasonable doubt, and also find the other facts necessary to constitute the crime charged, then it will be your duty to convict the defendant.'

"The words 'or that she knew such facts as would lead her to believe it was stolen' in the first paragraph, and the words 'in all probability * * * that is sufficient as to her knowledge of it being stolen,' just preceding the last paragraph, are erroneous. Pickering v. U. S., 2 Okla. Cr. 197, 101 P. 123; State v. Rountree, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833. See, also, Davis v. State, 18 Okla. Cr. 112, 193 P. 745; McGill v. State, 6 Okla. Cr. 512, 120 P. 297; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

"Under the foregoing instruction the jury is permitted to return a verdict against the accused on less

proof than is warranted by the law. Analyzing the foregoing instruction, the jury are told, in substance, that if the defendant knew such facts as would lead her to believe that it was stolen, or if she knew such facts as made her believe that in all probability it was stolen, that is sufficient as to her knowledge of its being stolen. This is not the quantum of proof the law requires to establish guilty knowledge. It is essential that guilty knowledge be proven, either by direct evidence or by proof of facts and circumstances connected with the transaction."

The instruction complained of in the case at bar contains the following language: "Or that she knew such facts as made her believe that in all probability it was stolen."

This language being practically identical with the language of the instruction in the case of Weaver v. State, supra, which this court held to be reversible error, it follows that this case must be reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.