## D. W. HAYES v. STATE.

No. A-7231.   Opinion Filed April 19, 1930.
(287 Pac. 746.)

A. M. De Graffenried, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of the crime of receiving stolen property and his punishment fixed by the court at imprisonment in the state penitentiary for a term of three years.

Defendant alleges numerous          ut for the purpose of deciding this case it will only be necessary to pass upon one of them.   The defendant complains that the court erred in giving instruction No. 11, which reads as follows:

"You are instructed that as to the defendant knowing that the property in question had been stolen, it is not necessary that somebody should have told him that it was stolen, but it is necessary that he must have actually known it was stolen, or that he knew such facts as made him believe that in all probability it was stolen.

And in ascertaining whether or not he had such guilty knowledge, you will take into consideration all of the facts and circumstances which have been introduced in evidence, and you will consider the time and manner of receiving the property, the persons from whom he received it, his conduct with it afterward, the price which he paid for the property and all other facts and circumstances, and if after such consideration you find, beyond a reasonable doubt, that he knew that the property was stolen at the time he received the same, or that he knew such facts as made him believe that in all probability it was stolen, and he received it under those circumstances, that is sufficient as to his knowledge of it being stolen. And, if you find these facts, beyond a reasonable doubt, and also find the other facts necessary to constitute the crime charged, then it will be your duty to convict the defendant."

This instruction is almost identical with an instruction approved by this court in the case of Webb v. State, 19 Okla. Cr. 450, 200 Pac. 719. In the later case of Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635, this court expressly condemned the instruction given in Webb v. State, supra, and reversed the case because the quantum of proof required under such instruction was insufficient to support a verdict of guilty. In the case of Stapp v. State, 42 Okla. Cr. 389, 276 Pac. 697, 698, this court, having occasion to again pass upon the same question, used the following language:

"The words 'or that she knew such facts as would lead her to believe it was stolen' in the first paragraph, and the words 'in all probability * * * that is sufficient as to her knowledge of it being stolen,' just preceding the last paragraph, are erroneous."

It is not sufficient that the defendant should know such facts as made him believe that in all probability it was stolen. Under the instruction in this case the jury was permitted to return a verdict against the accused on

less proof than is warranted by law. It is essential that guilty knowledge be proven either by direct evidence or by proof of facts and circumstances connected with the transaction.

The defendant further complains that the court erred. in permitting the state to introduce the ex parte statement of the witness Wood, which statement was made in the absence of the defendant and after the conspiracy was completed. Under certain conditions this statement might have been introduced for the purpose of impeaching the witness Wood where the state was taken by surprise and where he did not testify as the state was led to believe he would. The record in this case does not disclose a condition that would authorize the introduction of the statement.

The defendant further complains that the court erred in permitting the state to cross-examine the defendant as to a prior conviction which had been reversed by this court, and complains that the trial court erred in that his statements amounted to testimony on behalf of the state. It appears from the record that the defendant had been charged with the crime of receiving stolen property, had been convicted and judgment rendered on the verdict of the jury, and the cause appealed to the Criminal Court of Appeals, where the same was reversed and ordered dismissed, being Hays v. State, 38 Okla. Cr. 331, 261 Pac. 232. The method of examination by the county attorney was objectionable for the reason that it appeared that what he desired to do was to get before the jury the fact that the defendant had been previously tried and convicted of the charge of receiving stolen property. This evidence could have but one effect as brought out on the cross-examination by the county attorney, and that was to prej-

udice the jury against the defendant. During this cross-examination the court asked the defendant:

"Was I one of your lawyers?   A.   Yes, sir.

"The Court: It was reversed on account of the search warrant."

These questions and answers were improper because it amounted to the court testifying as to why the case was reversed and got before the jury the idea that the defendant had escaped on account of a technicality through an illegal search warrant and not because of insufficient evidence to support the verdict.

Although the last two errors complained of are objectionable, we predicate a reversal of this case on the ground that the giving of instruction No. 11 was fundamentally erroneous and deprived the defendant of a substantial right.   For the reasons stated the cause is reversed and remanded to the trial court for further proceedings according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.