## L. L. DRUMMOND v. STATE.

No. A-8413. Nov. 18, 1932.
(16 Pac. [2d] 260.)

Eaton & Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of receiving stolen property, and was sentenced to pay a fine of $250 and to serve 30 days in the county jail.

At the time charged, defendant was engaged in the salvage business, buying and selling parts of used automobiles at Okmulgee. He bought some secondhand tires and tubes from one Guinn, which is the basis of the charge. It is clearly shown this property was stolen by Guinn, but defendant contends there is no sufficient proof that he had knowledge the property was stolen. He testified he bought the property in good faith. It is essential that the state prove guilty knowledge on the part of defendant at the time he received the property. This may be proven, as any other fact, either by direct or by circumstantial evidence. The thief is not an accomplice of the receiver of stolen property, and corroboration of his testimony is not required. In this case, however, the thief is corroborated by the testimony of his wife and by the circumstances of evasive explanation and untrue statements made to the officers concerning the property. See Webb v. State, 19 Okla. Cr. 450, 200 Pac. 719; White v. State, 23 Okla. Cr.

198, 214 Pac. 202; Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635.

At the time of the trial, Guinn, the thief who sold the property to defendant, had pleaded guilty and had been sentenced to the penitentiary. As just stated, he and his wife testified to the sale of the property to defendant under such circumstances as clearly shows defendant knew it was stolen.

Since the jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence and there is substantial evidence to support the verdict, this court will not disturb the judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.