The State of Ohio, Appellee, *v.* McCarthy, Appellant.

[Cite as State v. McCarthy (1971), 26 Ohio St. 2d 87.]

(No. 70-167—Decided April 28, 1971.)

*Mr. James J. Carroll,* for appellant.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. William J. Coyne,* for appellee.

HERBERT, J. The basic question presented is whether a wife, by virtue of her status as a joint resident of premises with her husband, may give valid consent to a warrantless search thereof by the police.

At the outset, it should be noted that we harbor doubts as to whether the police activity at appellant's residence on January 2, 1967, was a "search and seizure" within the contemplation of the Fourth Amendment. It has been stated that a search ordinarily implies a quest by an officer of the law, a prying into hidden places for that

which is concealed; and that a seizure connotes a forcible dispossession of the owner. See *Weeks* v. *United States* (1914), 232 U. S. 383, 397, 58 L. Ed. 652. Since the record supports a conclusion that Mrs. McCarthy voluntarily directed the officers to the fruit cellar door, wherein the pellet in question was found, it is arguable that the traditional aspects of a search and seizure are not presented. The police did, however, examine the basement ceiling beams and other areas of the basement, and stated at the outset of their visit that they were looking for a gun and some pellets. Thus, in view of the scope of police activity and the posture of the case as briefed and argued by the parties, we will review the cause upon the premise asserted.

The question of inter-spousal consent to a search of the marital residence has engendered a sharp conflict among the courts which have considered it, and two opposite views of authority have emerged. See 47 American Jurisprudence, Searches and Seizures, Section 72; 79 Corpus Juris Secundum, Searches and Seizures, Section 62; annotation, 31 A.L.R. 2d 1078, and supplement. See, also, Mascolo, Inter-Spousal Consent to Unreasonable Searches and Seizures: A Constitutional Approach, 40 Conn. Bar. J. 351; 69 Dickenson L. Rev. 69; 79 Harv. L. Rev. 1513; 33 Chicago L. Rev. 797.

One line of authority, emphasizing agency concepts and the personal nature of Fourth Amendment rights, has uniformly denied the efficacy of a wife's consent to a search of the home, absent the husband's authorization. *E.g., Veal* v. *Commonwealth* (1923), 199 Ky. 634, 251 S.W. 2d 648; *State* v. *Wilkerson* (1942), 349 Mo. 205, 159 S.W. 2d 794; *Maupin* v. *State* (1927), 38 Okla. Cr. 241, 260 P. 92; *State* v. *Hall* (1965), 264 N.C. 559, 142 S.E. 2d 177.

Those courts which have upheld the validity of spousal consent eschew the agency analysis, reasoning that the question is not one of authority to waive the husband's rights, but rather is one turning upon the wife's own right to authorize a search of the resident premises over which

she exercises joint control. *E.g., People* v. *Palmer* (1964), 31 Ill. 2d 58, 198 N.E. 2d 839; *Bellam* v. *State* (1963), 233 Md. 368, 196 A. 2d 891; *Commonwealth* v. *Martin* (Mass. 1970), 264 N.E. 2d 366; *State* v. *Coolidge* (1969), 109 N.H. 403, 260 A. 2d 547;* *State* v. *Kennedy* (1969), 80 N.M. 152, 452 P. 2d 486; *Commonwealth, ex rel. Cabey,* v. *Rundle* (1968), 432 Pa. 466, 248 A. 2d 197; *State* v. *Cairo* (1948), 74 R.I. 377, 60 A. 2d 841. From the rationale of the joint-control approach, it follows that the scope of spousal consent should be limited to a search of areas of the abode under common control, as distinguished from a search directed toward the personal effects of the absent spouse. See, *e.g., People* v. *Carter* (1957), 48 Cal. 2d 737, 312 P. 2d 665; *State* v. *Evans* (1962), 45 Hawaii 622, 372 P. 2d 365.

Appellant contends that this court has already decided, in principle at least, that a wife may not consent to a search of the home without her husband's authorization, and cites *State* v. *Lindway* (1936), 131 Ohio St. 166, 2 N.E. 2d 490, and *State* v. *Bernius* (1964), 177 Ohio St. 155, 203 N.E. 2d 241.

In *State* v. *Lindway, supra,* at page 171, Judge Zimmerman stated:

"Since the constitutional barrier to unreasonable searches and seizures is in the nature of a personal privilege, it is questionable if it may be waived by anyone except the person whose rights are invaded. * * *"

Yet, in paragraph two of the syllabus, the court proceeded upon the assumption that a wife *may* voluntarily consent to a search:

"Assuming that a wife in the absence of her husband may waive his constitutional immunity against search of his dwelling as granted by Section 14, Article I of the Constitution of Ohio, such waiver cannot be said to have

---

*On June 29, 1970, the United States Supreme Court granted certiorari in the case of *State* v. *Coolidge, supra.* 38 U. S. L. W. 3522. The cause was argued on January 12, 1971 (39 U. S. L. W. 3309), and, as yet, no decision has been rerdered.

occurred where the testimony as to the wife's assent is conflicting, and there is a probability that any assent given was by reason of the coercive influence of an officer or officers of the law.''

In *State* v. *Bernius, supra,* the police conducted a search of the defendant's car, in his absence but with the permission of a casual borrower of the car. They examined the entire automobile and discovered a suitcase in the trunk. Upon breaking open the suitcase, the police found photographs which the court held inadmissible as the fruit of an unreasonable search and seizure. *Bernius,* on its facts, is clearly distinguishable from the case at bar.

Neither party has cited the case of *State* v *Carder* (1966), 9 Ohio St. 2d 1, 222 N.E. 2d 620. There, the parents of a minor defendant permitted the police to enter the home and see the defendant's clothes and motorbike. The defendant urged as error that the evidence so obtained was the result of an illegal search and seizure. In the opinion, at page 10, Judge Matthias observed:

''The general rule is that a parent who owns or controls the premises in which a child resides has the right to consent to a search thereof even though such search may produce incriminating evidence against the child. See *Maxwell* v. *Stephens,* 229 F. Supp. 205; *Maxwell* v. *State,* 263 Ark. 694, 370 S.W. 2d 113; *McCray* v. *State,* 236 Md. 9, 202 A. 2d 320; and *State* v. *Kinderman,* 271 Minn. 405, 136 N.W. 577; annotation, 31 A.L.R. 2d 1081.''

That language from the opinion in *State* v. *Carder, supra,* is persuasive in its application to the issue before us.

Appellant contends that even if a wife's consent to a search is otherwise valid, the search in the instant case was unreasonable because of Mrs. McCarthy's alleged antagonism to her husband. The record could lend itself to an interpretation supportive of this characterization of Mrs. McCarthy's attitude. However, she stated at trial that she still loved the defendant, and it was not established that she desired to engineer his conviction. While some courts have discused the question of a wife's antag-

onism in relation to the efficacy of her consent to a search (see, *e.g., In re Lessard* [1965], 62 Cal. 2d 497, 42 Cal. Rep. 583), this factor has no bearing upon a rule recognizing that the wife's right to consent to a search arises from her co-equal control over the mutual residence. As stated by the Supreme Judicial Court of Massachusetts, in *Commonwealth* v. *Martin* (Mass. 1970), 264 N.E. 2d 366, 370:

"* * *While they are both living in the premises the equal authority does not lapse and revive with the lapse and revival of amicable relations between the spouses. The existence of antagonism by one spouse against the other may reveal motives for consenting to a search, and it may bear on the weight and credibility of any testimony given by the antagonistic spouse, but it does not change that spouse's position with reference to the right to give such consent."

It must be remembered that the Fourth Amendment interdicts only *unreasonable* searches and seizures, and we think that a wife's voluntary consent to a search of her and her husband's mutual residence is sufficient to constitutionally permit an otherwise reasonable search of the common areas thereof, even though the search may produce incriminating evidence against the husband. *Cf. Frazier* v. *Cupp* (1969), 394 U.S. 731, 740, 22 L. Ed. 2d 684.

From an examination of the record we are convinced that the search conducted by the police at appellant's residence was constitutionally reasonable and that the pre-trial motion to suppress the evidence seized at appellant's home was properly denied. We have also considered the remaining contentions raised by appellant and find no prejudicial error therein.

*Judgment affirmed.*

O'NEILL, C. J., DUNCAN, CORRIGAN, STERN, and LEACH, JJ., concur.

SCHNEIDER, J., dissents on the basis of the reasoning stated in the cases cited in the fourth paragraph of the opinion.