The SNUG CLUB, INC., and Edith E.
McDonald, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. M–75–589.

Court of Criminal Appeals of Oklahoma.

Feb. 4, 1976.

Larry H. Moon, Poteau, for appellants.

Larry Derryberry, Atty. Gen., James L.
Swartz, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

Appellants, The Snug Club, Inc. and Edith E. McDonald, President of The Snug Club, Inc., hereinafter referred to as defendants, were charged, tried and convicted in the District Court, Oklahoma County, Oklahoma, Case No. CRM–74–2653, for the offense of Operating an Open Saloon, in violation of 37 O.S.1971, § 538(h). Punishment for each defendant was fixed by jury at a fine of Five Hundred ($500.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Prior to impaneling the jury in the trial had on the 20th day of May, 1975, in which the defendants were found guilty of the offense of Operating an Open Saloon, and from which this appeal arises, counsel for the defendants moved for dismissal on grounds of double jeopardy; motion was overruled and the trial proceeded. In a previous prosecution against the two defendants for the same offense, had on the

3rd day of March, 1975, the trial court declared a mistrial and discharged the jury. In the March 3rd proceeding, a jury had been impaneled and two witnesses for the State had completed their testimony when counsel for the defendants advised the court that during a recess he had observed the State's next witness, Officer Don Landes, conferring with a State witness who had already testified. After confirming that the witness had discussed the case with the witness who had previously testified, the trial judge declared a mistrial and discharged the jury. There was no objection entered on the record by defendants against the declaration of mistrial and discharge of the jury.

The defendants' sole assignment of error alleges that the jury was wrongfully discharged in the proceedings had on March 3, 1975, that jeopardy had attached and therefore the defendants could not be tried again for the same offense without suffering double jeopardy. The basis of this assignment of error presented by the defendants was considered by this Court on May 16, 1975, in Case No. P–75–229, an Order Denying Petition for Writ of Prohibition. After the proceedings had on March 3, 1975, the defendants filed a petition for writ of prohibition seeking to enjoin the District Court, Oklahoma County, from prosecuting the defendants for the same offense in the trial set for May 20, 1975. In said petition the defendants set forth the identical argument as to double jeopardy which is before this Court on appeal.

 Upon examination of the record of the proceeding had on March 3, 1975, and the briefs filed by the respective partie' this Court issued an order denying defendants petition for writ of prohibition, and such decision will not be disturbed on this appeal.

 In light of the disposition of the defendants' assignment of error as stated above, we feel it is necessary to state the applicable law in this case. We are of the opinion that the instant case falls within the holding of *Coppage v. State*, 62 Okl.Cr. 325, 71 P.2d 509 (1937), where it was held that a defendant by his silence and without objecting to the discharge of the jury, and having the objections entered on the minutes of the court, is deemed to have waived his constitutional right and is not entitled to be discharged on the plea of former acquittal. There is no showing in the record that the defendants seasonably objected to the declaration of mistrial and discharge of the jury by the trial court. Therefore, defendants are deemed to have waived the constitutional right of former jeopardy and there is no basis for holding that discharge of the jury, had on March 3, 1975, was a bar to subsequent prosecution of the defendants for the same offense. That the constitutional right of double jeopardy may be waived is a well established principle. In *Coppage*, supra, it was stated in the first paragraph of the Syllabus by the Court:

"Where the constitutional right is for the sole benefit of the accused, in the nature of a privilege, that right may be waived by express consent; or by implication, from conduct indicative of consent; or by failure to claim or assert the right in seasonable time."

See, *White v. State*, 23 Okl.Cr. 198, 214 P. 202 (1923) and *State v. Frisbie*, 8 Okl.Cr. 406, 127 P. 1091 (1912).

For the reasons set out above the judgment and sentence appealed from should be, and the same is, hereby, *affirmed*.

BRETT, P. J., and BUSSEY, J., concur.