## JINKS McGILL v. STATE.

No. A-860. Opinion Filed January 11, 1912.

(120 Pac. 297.)

1. **RECEIVING STOLEN GOODS—Information.** To charge the crime of receiving stolen property, knowing it to be stolen, the information need not allege the facts going to constitute larceny against the original takers from whom it has been received.

2. **EVIDENCE — Corroboration of Accomplice — Weight.** If there is evidence which corroborates an accomplice and conduces to connect the defendant with the commission of the crime, its sufficiency is for the jury to determine.

(Syllabus by the Court.)

*Appeal from District Court, Logan County; A. H. Huston, Judge.*

Jinks McGill was convicted of receiving stolen property, and appeals. Affirmed.

*McGuire & Smith,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

DOYLE, J.  Plaintiff in error was convicted in the district court of Logan county on an information which charged:

"The said Jinks McGill did then and there unlawfully wilfully, knowingly, and feloniously buy and receive from Charlie French, Willie Guess, and John McGrue, for a valuable consideration, to wit, for the sum of $4.50, of the value of $4.50 in good and lawful money of the United States, certain personal property, to wit, 18 gallons of paint of the value of $27 in good and lawful money of the United States, which said 18 gallons of paint, they, the said Charlie French, Willie Guess, and John McGrue had stolen from the Arkansas Lumber Company, a corporation organized and existing under the laws of the state of Oklahoma, as he, the said Jinks McGill, at the time he bought and received said 18 gallons of paint as aforesaid from them, the said Charlie French, Willie Guess, and John McGrue, then and there well knew, contrary to," etc.

The jury returned a verdict of guilty.  On February 16, 1910, the court sentenced the defendant to be imprisoned for a term of two years and six months in the penitentiary.

The information was drawn and the conviction had under section 2603, Snyder's Stat. 1909, which declares:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the state penitentiary not exceeding five years," etc.

The testimony in the case conduces to show that 60 gallons of paint in cases of 6 gallons each were stolen on the night of January 2, 1910, from the warehouse, in Guthrie, of the Arkansas Lumber Company, a corporation.  About a week afterwards 18 gallons of this paint was found concealed in the defendant's house.  John McGrue and Charlie French testified that they stole three of the cases from the warehouse of the Arkansas Valley Lumber Company, and, assisted by Willie Guess, carried them to the defendant's home about 11 o'clock that night; that they talked with him before they stole it, and when they delivered

6 Cr.—17

it that he paid John McGrue $1.50 for the three cases. There was no testimony offered on the part of the defendant.

But two of the various errors assigned are relied upon in plaintiff's brief: First. That the information is insufficient. Second. That the evidence is insufficient to sustain the verdict and judgment.

In support of the first assignment, it is contended by the defendant's counsel that the information is fatally defective, for the reason that it does not allege the ownership of the property stolen. We are inclined to believe that the ownership of the property stolen is sufficiently stated. Substantially the language of the statute is used in charging the offense. To charge the crime of receiving stolen property, knowing it to be stolen, the information need not allege the facts going to constitute larceny against the original takers, from whom it has been received. The demurrer was properly overruled.

The second assignment is based upon the theory that the evidence shows that the only testimony relative to a guilty knowledge on the part of the defendant came from the witnesses John McGrue and Charlie French, who were shown to be accomplices of the defendant. Unquestionably the testimony of these accomplices, if uncorroborated, would be insufficient to support the verdict and judgment of conviction; but that is not this case. The stolen property was found taken from the cases and secreted and concealed in the defendant's home. It is further shown that this property was bought by the defendant for a mere trifle of its value; that it was bought and received by him from these witnesses at the unseemly hour of 11 o'clock at night. There is other evidence tending to show the defendant's guilty knowledge.

Mr. Wharton says:

"Whether the defendant knew that the goods were stolen is to be determined by all the facts of the case. It is not necessary that he should have heard the facts from eyewitnesses. He is required to use the circumspection usual with persons taking goods by private purchase; and this is eminently the case with dealers buying at greatly depreciated rates. That which a man

in the defendant's position ought to have suspected, he must be regarded as having suspected, as far as was necessary to put him on his guard and on his inquiries. But it has been said that, to justify a conviction in the case of goods found, it is not sufficient to show that the prisoner had a general knowledge of the circumstances under which the goods were taken, unless the jury is also satisfied that he knew that the circumstances were such as constituted a larceny. The proof in any case is to be inferential; and among the inferences prominent are inadequacy of price, irresponsibility of vendor or depositor, and secrecy of transaction." (Wharton's Criminal Law, par. 984.)

The testimony given by McGrue and French is to be considered in the light of the corroborating evidence and all the testimony in the case, which in itself is sufficient to fully justify the inference that the defendant knew at the time he received this property that it was stolen. If there is evidence which corroborates an accomplice, and conduces to connect the defendant with the commission of the crime, its sufficiency is for the jury to determine.

Our conclusion is that the appeal in this case is without merit.

The judgment is therefore affirmed. Mandate to issue forthwith.

FURMAN, P. J., and ARMSTRONG, J., concur.