## JOE BUTCHER v. STATE.

No. A-6665.   Opinion Filed August 10, 1929.
Rehearing Denied August 31, 1929.
(279 Pac. 973.)

Eaton, Burroughs & Cavanaugh, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, Joe Butcher, hereinafter referred to as defendant, was convicted in the district court of Okmulgee county of the crime of receiving stolen property, and his punishment fixed at imprisonment in the state penitentiary for a term of two years.

Succinctly stated, the proof on the part of the state is substantially as follows: Joe Butcher was operating a garage in the town of Beggs.   He had working for him his half-brother, Sam Mizer, and his wife's cousin, George Ranney, boys respectively of the ages of 18 and 20.   A

part of Butcher's business was the dealing in of second-hand parts for automobiles. These parts were used both for repair work in the garage and were sold to the public. Mizer and Ranney both testified that defendant told them he would handle all the secondhand parts they brought in.

It was pursuant to such understanding that Mizer and Ranney proceeded to embark on the wholesale stealing of automobile parts from the owners of automobiles in that neighborhood. Their scheme of operation seemed to be this: They would go out at night and dismantle an automobile, and haul the stolen parts to the defendant's garage, where the same were either used or stored for future use or sale. This was an every-night diversion for these boys. Among the parts stolen from various automobile owners were the casings, generators, etc., taken from Paul Styles, and G. W. Styles, which defendant was charged with receiving in this case.

Mizer and Ranney both testified for the state, and, while they were evidently unwilling witnesses, the county attorney, as well as counsel for the defendant, succeeded in drawing from them ample evidence to sustain this conviction. While the defendant denies receiving this stolen property, although some of it was found attached to an automobile he owned, it is practically inconceivable that any sane man could have been wholly ignorant of the nightly operations of these two miscreants, much less of the presence of this large quantity of stolen property upon his premises, especially property of the kind that he had daily use for in his business.

The defendant first complains that the evidence is insufficient to support the judgment. In support of this the defendant urges that there is a failure of proof as to

the value of the property. The statute defining the offense reads as follows:

"Any person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by a fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment." Section 2113, C. O. S. 1921.

This section provides, in substance, "Any person who buys or receives, * * * any personal property, of any value whatsoever, * * * is guilty of the offense." It is only necessary that the property have some value, the amount of value being immaterial. The offense of receiving stolen property is not distinguished into grades or degrees, according to the value of the property received, such as larceny, either grand or petit, according to the value of the property taken. The proof here according to the state's evidence showed the unlawful receiving of certain automobile casings, tubes, generators, and a klaxon horn by this defendant. There was no showing in dollars and cents of the value of this property, but this court will take judicial notice of the fact that this property is of some value. What is within the common knowledge of the people generally is within the judicial knowledge of the courts. The court would not take judicial notice of the market value of an automobile casing, but would know judicially that it was an article of some value. Greenwald v. Yazoo & M. V. R. R. Co., 115 Miss. 598, 76 So. 557; Lindsey v. Hewitt, 42 Ind. App. 573, 86 N. E. 446.

It is also contended that the proof fails, in that there is a fatal variance between the allegations of the informa-

tion and the proof adduced at the trial, in this, to wit; that the information charges the receiving of certain personal property alleged to have been stolen from joint owners, while the proof discloses that a part of this stolen property was owned by one person, and other parts by another person, and none of it by both of said persons.

In the case of White v. State, 23 Okla. Cr. 198, 214 P. 202, 203, this court said:

"Averments necessary to charge larceny are not essential in an information charging the felonious receiving of stolen property, based on section 2113, Comp. St. 1921. In such an information it is not necessary to state the ownership of the property."

In the body of the opinion in above case it is said:

"It is claimed that the amended information is further insufficient, because it did not contain all the essential averments necessary to charge larceny. It has been held that averments necessary to charge larceny are not essential in an information charging the felonious receiving of stolen property, based on section 2113, Comp. Stat. 1921. In such an information it is not necessary to state the ownership of the property. Hartgraves v. State, 5 Okla. Cr. 266, 114 Pac. 346, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180; McGill v. State, 6 Okla. Cr. 512, 120 Pac. 297; Webb v. State, 19 Okla. Cr. 450, 200 Pac. 719; 17 R. C. L. 87; State v. Sakowski, 191 Mo. 635, 90 S. W. 435, 4 Ann. Cas. 751."

The White Case effectually disposes of this contention of defendant's counsel. The allegation as to ownership being immaterial, there could be no material variance of proof.

Counsel also contended that the state failed to fasten guilty knowledge of the fact that the goods alleged to have

been received by defendant were known by him to have been stolen. This raises a question of veracity between the witnesses Mizer and Ranney, on the one side, and the defendant, on the other. Mizer and Ranney are corroborated by the fact that the goods were stolen at the time and from the persons they testified they had stolen the goods from, and a portion of the goods at least were found at the defendant's place of business. Mizer and Ranney were further corroborated by the fact that the defendant was engaged in the business of handling the same kind of articles they had stolen, and had a daily use and sale for the same. At least one of the stolen articles was found on the defendant's car. The jury settled this issue of fact in favor of the state.

The defendant further complains that he could not be convicted of receiving stolen property on proof of a conspiracy or agreement to steal property generally. It is a sufficient answer to say that the evidence here relied upon by the state for a conviction is that defendant's part of the unlawful agreement was to buy and receive the property, provided the other parties stole it.

In the case of Price v. State, 9 Okla. Cr. 370-373, 131 Pac. 1102, 1106, this court said:

"It is urged on behalf of appellant that the trial court erred in not advising the jury to acquit appellant upon the ground that the evidence showed that appellant was guilty of the crime of grand larceny, in that he was a party to the original taking. We believe that appellant might have been convicted for grand larceny on the evidence in this case, but it does not necessarily follow that the evidence does not also sustain a verdict for knowingly receiving stolen property. It is the privilege of the county attorney to charge in an indictment the highest possible offense constituted by any act committed; but, if he sees fit to charge a lower offense which is sustained by the

evidence and which calls for the infliction of a less degree of punishment, a defendant cannot be heard to complain that he should have been charged with and convicted of the higher offense included in the same acts, because the error of the county attorney inured to his benefit and he is bound thereby." Howard v. State, 9 Okla. Cr. 337, 131 Pac. 1100; McGill v. State, 6 Okla. Cr. 512, 120 Pac. 297; Anthony v. State, 44 Fla. 2, 32 So. 819; Sisk v. State (Tex. Cr. App.), 42 S. W. 985.

This court has repeatedly held that it will not reverse cases because of technical errors committed by the trial court. The evidence is sufficient to support the verdict of the jury, and, the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.