## J. B. PONDER v. STATE.

No. A-8463. Feb. 3, 1933.
(18 Pac. [2d] 1098.)

John L. Hodge, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county of receiving stolen property, and was sentenced to serve a term of one year in the state penitentiary.

At the time charged, two crates of cigarettes of a value of $135 were stolen from the railroad depot, at Ardmore, and concealed under the platform.   Two police officers on night patrol saw the two men run from the platform, made an investigation, and found the cigarettes.   They concealed themselves, and in about forty-five minutes a car drove near, two men got out, and left a third, who was the defendant, in the car with the engine running.   The two got the crates of cigarettes, and the officers came from their place of concealment, rushed the car, and attempted to halt the parties, but defendant speeded the car, and they escaped.   One of the officers fired into the front of the car, but did not succeed in stopping it.   The officers made pursuit, but were not able to stop the car; they then went to the police station, and there found defendant.   Defendant testified, in substance:   That he was employed by Alexander and another to haul some whisky from the depot; that he did not recognize the officers when they approached, and thought the shooting was by some unknown person, and for that reason he speeded his car away; that after the shooting and several blocks from the scene one of the party left the car taking with him the cigarettes, and that he and the other party returned to report the circumstances.   The facts developed by the testimony convince us that the evidence is amply sufficient to sustain the judgment.

Defendant first argues that the information is insufficient in failing to allege the ownership of the property received, and in failing to allege an evil intent of the receiver. The information is sufficient. McGill v. State, 6 Okla. Cr. 512, 120 Pac. 297. See, also, Prince et al. v. State, 27 Okla. Cr. 80; 224 Pac. 996.

It is also argued that the court excluded competent testimony offered by defendant. This is directed to an offer of proof that defendant on the night in question made some statement of being employed to haul some whisky. This is clearly a self-serving declaration. Possibly it might have been admissible as a part of the conversation shown by the state, but even under that view defendant got the matter before the jury from other witnesses.

Upon a consideration of the entire record, we are satisfied defendant was fairly tried, and that no error of any consequence occurred at the trial.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.