THE STATE OF OHIO, APPELLEE, v. MCFADDEN, APPELLANT.

(No. 30—Decided May 12, 1982.)

*Mr. James L. Flannery* and *Mr. Michael E. Powell,* for appellee.

*Messrs. Ruppert, Bronson & Chicarelli* and *Mr. David A. Chicarelli,* for appellant.

JONES, J. On January 21, 1981, at approximately 11:40 p.m., Dorsey Worthington and Elaine Smith arrived at Worthington's motel room in Mason, Ohio. Smith discovered that she had left her glasses in the car and Worthington went out to retrieve them.

At approximately 11:50 p.m., motel employees found Worthington with a gunshot wound in his head. He died sometime thereafter. The door of his car was open and the car had apparently been broken into. The motel employees testified that they heard tires squealing as someone left the parking lot shortly after the body was found.

Approximately fifty minutes later, the appellant, Dennis McFadden, was arrested in the parking lot of a motel in northern Kentucky. He had been stealing license plates from cars in the parking lot. When his car was searched airline tickets made out in the decedent's name were found within as well as a .22 caliber revolver with four live rounds and one spent shell. Police also found a screwdriver and bent coat hanger in the appellant's car.

A doctor testified that the decedent died as a result of a gunshot wound. The bullet removed from the decedent's head was fired from a .22 caliber weapon.

The case came on for a trial by jury on April 13, 1981. The appellant was convicted of aggravated robbery and aggravated murder and was sentenced as appears of record. The appellant brings a timely appeal to this court.

The appellant's first assignment of error reads as follows:

"The trial court erred to the prejudice of defendant-appellant by not granting defendant's motion for acquittal."

The appellant correctly states that where circumstantial evidence alone is relied upon to prove an element of an offense, that evidence must be irreconcilable with any reasonable theory of innocence. *State* v. *Kulig* (1974), 37 Ohio St. 2d 157 [66 O.O.2d 351].

In the case at bar the circumstantial evidence was overwhelming. The appellant had airline tickets with the victim's name on them; he had a pistol of the same caliber as that which was used to commit the murder and it contained one spent shell; he had a bent coat hanger and a screwdriver and the victim's car had been broken into. No *reasonable* theory of innocence has been advanced to explain these coincidences and we can think of none.

The appellant also argues that the only way that he can be placed at the scene of the crime is by impermissibly stacking inference upon inference. We disagree.

The court in *State* v. *McCarthy* (1969), 20 Ohio App. 2d 275, 285 [49 O.O.2d 364], affirmed, 26 Ohio St. 2d 87 [55 O.O.2d 161], defined "inference" as follows:

"* * * An inference is a permissible

deduction which the jury may make from a set of facts that can be deduced by the ordinary principles of logic."

The set of facts in the case at bar is outlined above. It is certainly a permissible deduction from this set of facts that the appellant committed the crimes of which he was convicted. The assignment of error is overruled.

The appellant's second assignment of error reads as follows:

"The trial court erred to the prejudice of defendant-appellant by admitting into evidence photographs of damage to the decedent's vehicle."

Photographs are admissible into evidence as long as they are properly identified, are relevant and competent, and are accurate representations of the scene which they purport to portray. *Heldman* v. *Uniroyal, Inc.* (1977), 53 Ohio App. 2d 21, 31 [7 O.O.3d 20].

In the case at bar, the detective who took the photographs testified that they are fair and accurate representations of the decedent's automobile. They are clearly relevant because they show damage to the car indicating that it had been broken into. The fact that the photographs were taken eight days after the crime does not render them inadmissible. The assignment of error is overruled.

The appellant's third assignment of error reads as follows:

"The trial court erred to the prejudice of defendant-appellant by admitting into evidence the driving experiments of Detective Reeves and Officer Stamper."

The two officers named in the assignment of error drove the distance between the scene of the murder and the place at which the appellant was arrested. They testified to the routes they took, the times it took them to make the trips and the speeds they drove in order to establish that it was possible for the appellant to have driven the distance in fifty minutes. This possibility was crucial to the prosecution's case.

The appellant argues that since there was no showing that these experiments were conducted under the same conditions that existed on the night of the murder, the evidence was erroneously admitted into evidence. We disagree.

For out-of-court experiments to be admissible it is not necessary that they be performed under identical conditions to those existing at the time of the occurrence in question; it is sufficient if there is a substantial similarity. *State* v. *Sheppard* (1955), 100 Ohio App. 399, 413 [60 O.O. 332], appeal dismissed, 164 Ohio St. 428 [58 O.O. 247].

In the case at bar the trips made by the officers were substantially similar to the trip that the appellant allegedly made on the night of the murder. Any dissimilarity in conditions goes to the weight, not the admissibility, of the evidence. The assignment of error is overruled.

The appellant's fourth assignment of error reads as follows:

"The trial court erred to the prejudice of the defendant-appellant because the conviction in the trial court was against the manifest weight of the evidence."

This assignment of error is essentially a restatement of the first assignment of error discussed above. For the reasons given in that discussion we overrule this assignment of error.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.