OPINION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which, after a jury trial, found defendant-appellant, Nathaniel Bibbs, guilty of two counts of aggravated murder, in violation of R.C. 2903.10(A).[1]
On appeal, appellant raises the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE COURT ERRED, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ADMITTED NUMEROUS PHOTOGRAPHS WHICH WERE UNNECESSARILY REPETITIVE, GRUESOME, AND/OR NOT ACCURATE REPRESENTATIONS OF THE SCENE.
"SECOND ASSIGNMENT OF ERROR
 "THE DEFENDANT-APPELLANT HEREIN WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, BY THE PROSECUTOR'S MISCONDUCT DURING CLOSING ARGUMENT.
"THIRD ASSIGNMENT OF ERROR
 "INSOFAR AS ANY ERROR COMPLAINED OF WAS NOT ADEQUATELY PRESERVED BELOW, DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
In his first assignment of error, appellant argues that several of the photographs of the victims, Destiny Elmore and Edward King, admitted into evidence, were gruesome, inflammatory, cumulative and misleading. Appellant points specifically to photographs of victim, Destiny Elmore, and photographs of the house where she was killed. Additionally, appellant contends that since the deaths were stipulated to, the photographs which were admitted were, by their very nature, cumulative.
 "The admission of photographs is left to the discretion of the trial court. Evid.R. 403; State v. Landrum(1990), 53 Ohio St.3d 107, 121, 559 N.E.2d 710, 726; State v. Maurer
(1984), 15 Ohio St.3d 239, 264, 15 Ohio B. Rep. 379, 401, 473 N.E.2d 768, 791. In order to be admissible, the probative value of a photograph must outweigh the danger of material prejudice to the defendant and the photograph must not be repetitive. See State v. Morales(1987), 32 Ohio St.3d 252, 258, 513 N.E.2d 267, 274; Maurer, paragraph seven of the syllabus." State v. Smith
(1997), 80 Ohio St.3d 89, 108.
Further, the fact that the parties stipulated to the cause of death does not automatically render photographs of the deceased inadmissible. Maurer at 265.
In the instant case, appellant specifically contests the admission into evidence, over objection, of three photographs, State's Exhibits 83, 84 and 86, which depict the condition of victim, Destiny Elmore, when she was found by a Toledo Police officer. We have reviewed the photographs and find that such photographs are not so numerous to be considered cumulative or repetitive. The photographs also corroborate testimony of the coroner and witnesses. They show the clothing the victim was wearing, the ligature marks around her neck consistent with strangulation, and the decomposition of the body which establishes date of death. Thus, we find that the probative value of the photographs outweighed any risk of prejudice to appellant.Morales, supra at 258. We further find that the admission of all the complained of photographs, into evidence, was not an abuse of discretion.
Appellant also argues that the photographs depicting the house where Destiny Elmore was killed, were not a true and accurate depiction of the crime scene because appliances and furniture had been rearranged. Thus, appellant alleges that the photographs were misleading to the jury and prejudicial. Exhibits 22 through 32 are a series of indoor and outdoor photographs taken at 928 Page Street. While not specifically enumerated, the photographs appellant references are State's Exhibits 28, 29 and 31 which were taken in January 1997, approximately six months after the murder.
Again, the admission of photographs is left to the sound discretion of the trial court. Landrum, supra. Photographs are admissible as long as they are relevant, competent and accurate depictions of the scene they purport to portray. State v.McFadden(1982), 7 Ohio App.3d 215, 217.
Here, during appellant's trial, Rashaana Torrez gave eyewitness testimony relating to both murders. Prior to the introduction of the photographs during Torrez' testimony, the state presented State's Exhibit 49 which was a floor plan of the Page Street address. Torrez marked the floor plan, indicating where rooms were and how the furniture and appliances were arranged. Thereafter, Torrez testified that Exhibit 28 depicted the dining room at 928 Page; however, the furniture had been rearranged. Torrez testified that other than the misplaced furniture, the photograph "clearly and accurately depict[ed] what the dining room actually looked like on the dates in question." As to Exhibit 29, Torrez testified that the photo clearly and accurately depicted the dining room leading to the kitchen, other than a desk which was on the opposite side of a wall. Exhibit 31 showed an angled view into the kitchen, and the refrigerator, washer and stove. Torrez testified that on the date of the murder, the refrigerator may have been a little over to the left; otherwise, it was a true and accurate representation.
After careful review of the photographs in question, we find that the photographs were not misleading or prejudicial so as to warrant their exclusion. The exhibits, in conjunction with the floor plan, presented to the jury a view of the crime scene which aided their understanding of the evidence which was presented. Accordingly, appellant's first assignment of error is not well-taken.
Appellant's second assignment of error alleges that his due process rights were violated by the statements of the prosecutor during closing arguments. In particular, appellant claims that the prosecutor's closing argument was emotionally inflammatory, discussed matters not admitted into evidence, misstated facts, denigrated defense counsel, and gave his personal opinion of the evidence. Appellant's trial counsel objected to two of the prosecutor's statements.
At the outset, we note that as to any complained prosecutorial misconduct which was not objected to, we are limited to a plain error review, pursuant to Crim.R. 52(B). In order for an unobjected-to comment made during closing arguments to rise to the level of plain error, it must appear on the face of the record that but for the error, the result of the trial would have clearly been otherwise. State v. Underwood(1983),3 Ohio St.3d 12, syllabus, citing State v. Long(1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the accused. State v. Eley
(1996), 77 Ohio St.3d 174, 187; State v. Smith(1984), 14 Ohio St.3d 13,14-15. In determining whether a given remark amounts to prosecutorial misconduct, an appellate court should consider the following elements: (1) the nature of the remarks; (2) whether an objection was made by defense counsel; (3) whether corrective instructions were given by the trial court; and (4) the strength of the evidence against the defendant. State v. Braxton(1995),102 Ohio App.3d 28, 41; State v. Mann(1993), 93 Ohio App.3d 301,312.
Appellant fist asserts that the following remark constitutes prosecutorial misconduct:
 "* * *. You didn't get to meet these people; you don't know who they were when they were alive. * * * [T]hey were sons or daughters, they were employees or friends, and they reacted or they lived their lives just as you did, and they had a right to live.
"Mr. Klucas: I object.
"The Court: Overruled, it's closing argument.
 "Mr. Anderson: And whatever they may have or may not have done, they did not deserve to die, and nothing we are going to do here with this case is going to bring them back to life; * * *."
The prosecutor admonished the jury, before and after the complained of remarks, that they could not allow passion, prejudice, bias or emotion play a role in their determination. Likewise, the trial court, while instructing the jury, stated that they jurors could not be influenced by sympathy or prejudice.
We do not find that the prosecutor's remarks denied appellant a fair trial. While the remarks may have been improper, we cannot find that they were "so inflammatory as to render the jury's decision a product solely of passion and prejudice against the appellant." State v. Williams(1986), 23 Ohio St.3d 16, 20. Upon review of the record and the facts of this case, there was ample evidence which the jury could base its verdict of guilty.
Appellant next argues that during his closing argument, the prosecutor referred to an alleged burglary which, he claimed, provided a motive for Destiny Elmore's death. This information was not permitted into evidence during the course of the trial. The state acknowledges that these remarks were inappropriate; however, the state contends that the remarks did not influence the juror's deliberative process. Since appellant did not object to the remarks, we are limited to a plain error review.
Upon review of the prosecutor's closing argument, in particular the references to the burglary, it is clear beyond a reasonable doubt that absent the remarks, their was ample evidence upon which the jury would have found appellant guilty.
Appellant also contends that the prosecutor misstated evidence and, when defense counsel objected, denigrated defense counsel. The portion of the transcript which appellant claims is a misstatement does not immediately precede the objection and, thus, must be reviewed under the plain error standard. Upon review of the statement in conjunction with the testimony at trial, we do not find that the prosecutor's remarks necessarily misstated the evidence. The prosecutor, discussing the death of Destiny Elmore, stated during his closing: "But prior to going to that location [928 Page], it was Willie Carter who was talking in the car, agreed to by Mr. Bibbs, that it would be taken care of that night."
Torrez testified at trial:
 "And Nathaniel was just saying, all right, okay, the whole time, basically just agreeing with them, and Willie Carter also mentioned with it that he — it was going to get tooken care of that night, * * *."
Appellant next argues that the prosecutor denigrated defense counsel. The context of the alleged error is as follows:
 "Now, these defendants are going to say we didn't know this was going to occur. They didn't establish that we actually knew this whole situation was going to occur. I sort of liken that to, I guess, the Tweedle-Dee and Tweedle-Dumb defense.
"Mr. Klucas: I object.
"Mr. Anderson: Your Honor —
"The Court: Overruled.
 "Mr. Anderson: He can object all he wants, just look at the facts. They are going to sit there and say, well, you have to show more than mere presence at the scene. Just witnessing the crime without more than acquiescence does not constitute being involved in the crime, so they are going to try to establish to you somehow that they were standing there like stupid idiots and didn't know anything."
In support of his assigned error, appellant cites Statev. Keenan(1993), 66 Ohio St.3d 402, wherein the Supreme Court of Ohio held that a prosecutor's misconduct throughout much of the trial and during closing arguments deprived the defendant of a fair trial. The court considered whether the misconduct was an isolated incident in an otherwise properly tried case, and determined that the "prosecutor's errors were part of a protracted series of improper arguments, * * *." Id. at 410. The Keenan court further opined that "[w]ithout overwhelming evidence of guilt, we cannot know what the verdict might have been had not the prosecutor clouded the jury's vision with improper tactics." Id.
at 411.
Here, we find that the prosecutor's remarks could have been construed by the jury as denigrating defense counsel for making the objection; however, unlike the prosecutor's comments inKeenan, the prosecutor's remarks in this case were not pervasive. Moreover, unlike Keenan, there is ample evidence of appellant's guilt.
Finally, appellant claims that the prosecutor, on several occasions, gave his personal opinion of the evidence. Since defense counsel did not object to the statements, our review is limited to plain error.
Appellant cites several instances where the prosecutor commented on the credibility of the state's witnesses. It is well-established that:
 "While it is improper for the prosecutor to express to the jury his or her personal opinion about the credibility of any witness, the prosecutor is permitted to make fair comment on the credibility of witnesses based upon their testimony in open court. In those circumstances the jury is not being invited to go beyond the evidence presented in court." State v. Mundy(1994), 99 Ohio App.3d 275, 304, citing State v. Price(1979), 60 Ohio St.2d 136, 140.
Upon review of the remarks complained of, we find that they directly relate to testimony presented at trial and were, thus, not improper.
Accordingly, appellant's second assignment of error is not well-taken.
Appellant's third and final assignment of error claims that he was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution. While appellant does not strictly comply with the requirements under App.R. 16(A)(3)[2], he limits his contention to "any error complained of," which, presumably refers solely to assigned errors Nos. I and II. Thus, since the basis of the ineffective assistance of counsel claim is before us, we will address its merits.
In order for an appellant to successfully claim ineffective assistance of counsel, it must be demonstrated that (1) counsel's performance fell below an objective standard of reasonable representation and (2) prejudice resulted to the defendant from the performance of counsel. Strickland v.Washington(1984), 466 U.S. 668, 687. To show he was prejudiced, appellant must establish that but for counsel's errors, a reasonable probability exists that the results of the trial would have been different. Id.; State v. Bradley(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. This standard is less stringent than plain error review.
In Strickland, the United States Supreme Court provided guidelines for determining when a defendant has been sufficiently prejudiced by his attorney's unreasonable performance to render the result of the trial unreliable:
 "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." 466 U.S. at 695-96.
In the instant case, defense counsel objected only to three of the photographs, those of victim Destiny Elmore, admitted into evidence. However, appellant also contends that the photographs of both victims were cumulative and inflammatory since the deaths were stipulated to by the parties. We again stress that a stipulation of death does not automatically render photographs of a deceased inadmissible. State v. Maurer,15 Ohio St. 3d at 265. Further, upon review of the photographs admitted into evidence we find that they are not cumulative or inflammatory. Approximately eighteen of the photographs show either victim. Some are of the crime scene and some were taken during the autopsies. The crime scene photographs depict the conditions in which the bodies were found as well as the surrounding areas. The autopsy photographs illustrate the ligature marks consistent with strangulation. Accordingly, we are unable to find that there was a reasonable probability that but for counsel's failure to object, the result of the trial would have been different.
Appellant next claims that he was denied effective assistance of counsel because his trial counsel failed to object to certain statements made by the prosecutor during his closing argument. We have carefully reviewed the prosecutor's remarks during closing arguments and find that even assuming that defense counsel erred in failing to object, such error or errors did not have a "pervasive effect on the inferences to be drawn from the evidence." Strickland, 466 U.S. at 695-6. Accordingly, we are unable to find that but for counsel's error in failing to object to certain prosecutor's remarks, the result of the trial would have been different. Appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
[1] Appellant was also found guilty of conspiracy to commit aggravated murder, in violation of R.C. 2923.01; however, the court set aside the conviction.
[2] App.R. 16(A)(3) requires that an appellant include in his or her brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."