DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Demond Baker, appeals from his convictions in the Summit County Court of Common Pleas for failure to comply with an order or signal of a police officer, assault on a peace officer, criminal damaging or endangering, failure to stop after accident/hit skip, and possession of marijuana. We affirm.
 {¶ 2} On November 6, 2000, the Summit County Grand Jury indicted Defendant on six separate counts: (1) failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B); (2) assault on a peace officer, in violation of R.C. 2903.13(A); (3) having weapons while under a disability, in violation of R.C. 2923.13(A)(3); (4) criminal damaging or endangering, in violation of R.C. 2909.06(A)(1); (5) failure to stop after accident/hit skip, in violation of R.C. 4549.02; and (6) possession of marijuana, in violation of R.C. 2925.11(A). A jury trial followed. The State dismissed the count of having weapons while under a disability, and the jury found Defendant guilty on the remaining five counts. The trial court sentenced him accordingly. Defendant timely appeals and raises four assignments of error for review.
 ASSIGNMENT OF ERROR I
"The testimony of the witness Martha Louise Sullivan, and therefore the I.D. Bureau activity log, was improperly allowed by the trial court as [Defendant] was not notified that the State would be calling this witness."
 {¶ 3} In his first assignment of error, Defendant avers that the trial court improperly permitted Martha Louise Sullivan ("Sullivan") to testify as the State failed to notify the defense of its intention to call Sullivan as a witness contrary to Crim.R. 16. We disagree.
 {¶ 4} Crim.R. 16(A) states "Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided." (Emphasis added.) A party waives his right to discovery if he fails to make a written request for discovery in accordance with Crim.R. 16. State v. Turner, 2nd Dist. No. 2001 CA 79,2002-Ohio-1809, at ¶ 10; State v. Brown (Apr. 24, 1986), 8th Dist. No. 50505.
 {¶ 5} Crim.R. 16(B)(1)(e) addresses the State's obligation to furnish to the defendant the names and addresses of the witnesses it intends to call at trial. The rule provides in relevant part "[u]ponmotion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial[.]" (Emphasis added.) Crim.R. 16(B)(1)(e).
 {¶ 6} The record in the instant case does not indicate that Defendant moved the trial court for an order requiring the State to furnish Defendant a written list of the names and addresses of the witnesses it intended to call at trial. The determination that Defendant failed to make such a motion is corroborated by the fact that the record also lacks the State's response, namely, its list of witnesses. Absent such a motion, the State was not required to produce its list of witnesses. See Crim.R. 16(B)(1)(e). See, also, Crim.R. 16(A). Furthermore, Defendant has waived his right to object to the admission of the evidence. See Turner at ¶ 11 (concluding that the defendant waived his right to object to the admission of the evidence because he failed to file a written request for discovery); State v. Studer (Feb. 28, 1990), 2nd Dist. Nos. 1250 and 1251 (finding the defendant could not argue on appeal the trial court's failure to allow discovery or order the prosecutor to provide discovery as he failed to properly move the court for a discovery order); State v. Fletcher (June 8, 1984), 2nd Dist. No. 8718 (stating that the defendant waived his right to challenge the State's failure to comply with Crim.R. 16 as the record is devoid of any motion seeking discovery). Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The `Activity Bureau I.D. Log' was improperly utilized and admitted into evidence as it contained impermissible hearsay evidence and was not properly authenticated."
 {¶ 7} In his second assignment of error, Defendant contends that the trial court erroneously permitted the State to introduce and admit into evidence the "activity bureau I.D. log" ("log"). Particularly, Defendant contends that the log constituted hearsay, and the State failed to lay the proper foundation to qualify the log as a record kept in the course of a regularly conducted business activity, an exception to the hearsay rule under Evid.R. 803(6). Defendant's contention lacks merit.
 {¶ 8} Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Evid.R. 801(C) and 802. Nevertheless, Evid.R. 803 states in relevant part:
"The following are not excluded by the hearsay rule ***:
"(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." (Emphasis omitted.)
 {¶ 9} A trial court has broad discretion to admit a business record into evidence pursuant to Evid.R. 803(6), and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion. WUPW TV-36 v. Direct Results Marketing, Inc.
(1990), 70 Ohio App.3d 710, 714. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. A trial court is deemed to abuse its discretion where it admits a business record when the party lays an inadequate foundation to establish its admissibility in accordance with Evid.R. 803(6). State v. Comstock (Aug. 15, 1997), 11th Dist. No. 96-A-0058.
 {¶ 10} The Supreme Court of Ohio has held that the business record exception "is based on the assumption that the records, made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business, are accurate and trustworthy."Weis v. Weis (1947), 147 Ohio St. 416, 425-426. When laying a foundation, "the testifying witness must possess a working knowledge of the specific record-keeping system that produced the document." State v.Davis (1991), 62 Ohio St.3d 326, 342.
 {¶ 11} The witness whose testimony establishes the foundation for a business record need not have personal knowledge of the exact circumstances of preparation and production of the document. Evid.R. 803(6). However, the witness must "demonstrate that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business." Keeva J. Kekst Architects, Inc. v. George Dev. Group (May 15, 1997), 8th Dist. No. 70835, citing WUPW TV-36,70 Ohio App.3d at 714-715.
 {¶ 12} In this case, Sullivan, a lieutenant with the Akron Police Department Identification Bureau ("Bureau"), testified that the log had been kept at the Bureau in the ordinary course of business. She then stated that she has supervised the personnel at the Bureau for approximately four years. Sullivan also explained the purpose of the log. Specifically, she explained that the log described the events that occurred during the three shifts at the Bureau, thereby informing Bureau personnel of the events that had transpired and enabling Bureau personnel to inform individuals seeking information concerning a particular shift.
 {¶ 13} We conclude that Sullivan's knowledge was sufficient to demonstrate the log was what it purported to be and was made in the ordinary course of business. Therefore, the log did not constitute hearsay as it fell within the parameters of Evid.R. 803(6), and, accordingly, the trial court did not abuse its discretion when it admitted the log into evidence. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"Photographs used to show possession and control of the suspect motor vehicle were improperly admitted into evidence due to lack of proper authentications and identification."
 {¶ 14} In his third assignment of error, Defendant alleges that the trial court improperly admitted various photographs that were not properly authenticated or identified. We disagree with Defendant's allegation.
 {¶ 15} This court notes that Defendant has failed to set forth a single, legal authority to support his allegation that the trial court erred. As such, Defendant has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). "It is the duty of the [defendant], not this court, to demonstrate his assigned error through an argument that is supported by citations tolegal authority and facts in the record." (Emphasis added.) State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7; Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18 (writing "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out"). Defendant had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. As Defendant has failed to demonstrate any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. See App.R. 12(A)(2). Accordingly, Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The series of photographs marked as States [sic.] exhibit #3 were improperly admitted into evidence because they were taken six months after the date of the offense and did, therefor [sic.], not accurately represent the objects and events as they actually were on the date of the offense."
 {¶ 16} In his fourth assignment of error, Defendant argues that the trial court improperly admitted a series of photographs because the State's witness could not testify as to whether the photographs of the objects accurately represented the objects as they were on the date of the incident. Defendant's argument fails.
 {¶ 17} A photograph is admissible into evidence if it is authenticated or identified as a fair and accurate representation of what it is purported to depict. State v. McFadden (1982), 7 Ohio App.3d 215,217; State v. Hill (1967), 12 Ohio St.2d 88, 90; Cincinnati, Hamilton Dayton Railway Co. v. De Onzo (1912), 87 Ohio St. 109, paragraph one of the syllabus. The trial court retains the discretion regarding the admission of photographs. State v. Maurer (1984), 15 Ohio St.3d 239,264. Thus, an appellate court will not reverse a trial court's determination regarding the admission of photographs absent an abuse of discretion. See id. at 265. See, also, State v. Zika (Jan. 27, 1982), 1st Dist. No. C-810211.
 {¶ 18} In the instant case, the record reveals that the State laid the proper foundation for the introduction of the photographs through the testimony of its witness. From the testimony of the witness, we find that the State was not introducing these photographs to illustrate how the objects appeared on the date of the incident. Rather, the witness testified that the photographs accurately reflected the objects on the date that he viewed them. Therefore, we cannot find that the trial court abused its discretion in admitting the photographs. Defendant's fourth assignment of error is overruled.
 {¶ 19} Defendant's assignments of error are overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
BAIRD, J. CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.