DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Jimmie L. Bizzell, defendant below and appellant herein, guilty of carrying a concealed weapon in violation of R.C. 2923.12.
 {¶ 2} Appellant assigns the following error for our review:
"The trial court erred, to the defendant/appellant's prejudice, by admitting State's exhibit C, a photograph, into evidence."
 {¶ 3} In the early morning hours of August 22, 2002, Chillicothe Police Department Captain Roger Moore was on patrol in the area of West Seventh Street. Captain Moore noticed a 1987 Cadillac, driven by appellant, parked near the middle of the roadway. He approached the vehicle to investigate and, ultimately, observed appellant making furtive movements toward the floor of the car. Captain Moore radioed for a check of appellant's license and registration which uncovered several active warrants. Appellant was removed from the car and Officer Sandra Murray performed an inventory search. During the search, Officer Murray found a handgun underneath the driver's seat.
 {¶ 4} On September 13, 2002, the Ross County Grand Jury returned an indictment charging appellant with carrying a concealed weapon. Appellant pled not guilty and the matter came on for a jury trial in December, 2002. At trial, Captain Moore and Officer Murray both testified to the events of that evening. During the trial, the prosecution made reference to an "Exhibit C" which was a photograph of the pistol found in the vehicle. Although the location of the gun in the photograph was not in the exact location where the gun was originally found by Officer Murray, its location was "very close" to the original location. Appellant objected to admission of the photograph into evidence. The trial court, however, admitted the exhibit on the basis that the gun was in "substantially" the same place as it was found and that any movement of the weapon by Officer Murray went to the weight of the picture as evidence rather than to its admissibility.
 {¶ 5} At the conclusion of the trial the jury returned a guilty verdict. At the January 22, 2003 sentencing hearing the trial court imposed a six month prison sentence and up to three years post-release control under the supervision of the Adult Parole Authority. This appeal followed.
 {¶ 6} Appellant argues in his sole assignment of error that the trial court erred by admitting Exhibit C into evidence. We disagree. First, we note that photographs are admissible into evidence so long as they are, inter alia, "accurate representations" of the scene they purport to portray. State v. Hoop (1999), 134 Ohio App.3d 627, 637,731 N.E.2d 1177; State v. McFadden (1982), 7 Ohio App.3d 215, 217,455 N.E.2d 1. There was no question that the photograph at issue in this case was of the handgun found by Officer Murray. Appellant's sole objection to the photograph is that the handgun was not located in precisely the same position in the vehicle as it was originally found during the inventory search.
 {¶ 7} In State v. Bibbs (Jun. 18, 1999), Lucas App. No. L-97-1198, our colleagues in the Sixth District upheld the admission of photographs of a murder scene despite the fact that furniture and appliances depicted in the photograph had been rearranged. The Court noted that despite such movement, "the photographs were not misleading or prejudicial so as to warrant their exclusion." Id. We reach the same conclusion here. Officer Murray testified that she removed the gun from the car after she found it, showed it to Captain Moore and then replaced the gun for the picture. She further testified that the position of the gun was "very close" to its original position.
 {¶ 8} We agree with the trial court's cogent observation that it is a "geometric impossibility" to place the gun in the exact location where it was found. However, in light of Officer Murray's testimony that the gun was "very close" to its original position, and in view of the absence of any evidence to the contrary, we do not believe that the photograph was misleading or prejudicial. We also agree with the court that any difference in the gun's placement for the photograph goes to the weight of the evidence rather than its admissibility.
 {¶ 9} Moreover, we note that the decision to admit or to exclude photographic evidence is left to a trial court's sound discretion. Statev. Vrabel, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, at ¶ 69; State v. Landrum (1990), 53 Ohio St.3d 107, 121, 559 N.E.2d 710;State v. Maurer (1984), 15 Ohio St.3d 239, 264, 473 N.E.2d 768. Thus, appellate courts shall not reverse a trial court's decision in this situation without a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v.Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. In applying the abuse of discretion standard, appellate courts are admonished not to simply substitute their own judgment for that of the trial court. See State exrel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301. Indeed, to show an abuse of discretion, the end result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 10} Appellant does not argue that the trial court abused its discretion below and we are not persuaded that it did. As earlier noted, there is no question that the handgun in the photograph was the one found in appellant's car. Furthermore, Officer Murray testified that the gun's location in the photograph was "very close" to where she originally found it. All things considered, we simply cannot conclude that the admission of this photograph into evidence was arbitrary, unreasonable or unconscionable.
 {¶ 11} Finally, even if the trial court had erred by admitting the photograph into evidence, we believe that any error in this regard would have been harmless under Crim.R. 52(A) Evid.R. 103(A). Officer Murray testified at trial that she found the pistol underneath the driver's seat where appellant had been sitting. This is sufficient to establish a violation of the statute irrespective of any photographic exhibits. In short, the photograph was merely cumulative of Officer Murray's testimony.
 {¶ 12} For all these reasons, we find no merit in the assignment of error and it is overruled. The judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.